IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TRAVELERS CASUALTY AND SURETY
COMPANY,**

    **Plaintiff,**

    vs.                                **Civil Action 2:11-CV-63
Judge Sargus
Magistrate Judge King**

**NATIONWIDE MUTUAL INSURANCE
COMPANY,** *et al.*,

    **Defendants.**

## ORDER

Defendants Nationwide Mutual Insurance Company and National Casualty Company (collectively, "Nationwide") have filed a motion to compel. Doc. No. 55.[1] Nationwide represents that "three issues remain" for the Court's consideration, Doc. No. 56, p. 1, but does not correlate the issues it raises with specific discovery requests. Instead, Nationwide refers in passing to particular discovery requests, Doc. No. 56, pp. 5 n.2, 6 n.3 & 4, but does not otherwise incorporate these particular requests when discussing the merits of its position. For example, Nationwide does not identify which discovery requests are impacted by arguments involving privilege, the common interest doctrine, and the access to records clause.[2] Similarly, while Nationwide seeks an order compelling supplemental answers to ten (10) interrogatories requesting "basic information,"

---

[1] The supporting memorandum appears as Doc. No. 56.

[2] The Court is unable to review all of the discovery responses because Nationwide provided only partial copies of these responses, omitting several pages. *See* Exhibits 1 and 2, attached to *Affidavit of Melissa M. Weldon*, Doc. No. 57.

Doc. No. 56, pp. 1, 5-6, 10, Nationwide does not specify what each interrogatory seeks and why the Court should compel production as to each interrogatory.  Instead, Nationwide generally describes five types of information covered by these ten interrogatories, *id*. at 5,[3] and asserts in conclusory fashion that "[a]s a matter of fundamental fairness, Travelers should be required to disclose this basic information."  *Id*. at 10.  *See also* Nationwide's *Reply Memorandum in Support of Motion to Compel*, Doc. No. 66, p. 3 ("This basic information about its [plaintiff's] own claims must be provided, and in light of its ongoing failure to do so, Travelers should be ordered to answer these interrogatories.").

Accordingly, based on the present record, Nationwide's motion to compel, Doc. No. 55, is **DENIED** without prejudice to renewal– in a motion filed, if at all, no later than May 22, 2012 – on certain conditions.  Specifically, if it chooses to file another motion to compel, Nationwide must correlate the substance of its arguments with particular discovery requests.  In doing so, Nationwide may, where appropriate, incorporate by reference specific arguments raised in its original motion to compel, Doc. No. 55.  However, Nationwide is **ADVISED** that conclusory arguments raised in its original motion will not be well-taken.

Plaintiff has filed a motion to disregard or for leave to file a sur-reply, complaining that Nationwide raised for the first time in

---

[3] It is not immediately apparent to the Court which specific interrogatories match up to Nationwide's generalized descriptions.  Moreover, it appears that at least two of these interrogatories, Nos. 19 and 20 relating to witnesses, are not even referenced in Nationwide's generalized description.  Stated differently, Nationwide provides no argument or basis for seeking an order compelling these interrogatories.

Nationwide's reply in support of the motion to compel a new discovery demand and a new argument (the common interest doctrine) and submitted new evidence.  Doc. No. 68.  Over Nationwide's objection, Doc. No. 70, plaintiff's motion is well-taken.  The motion for leave to disregard or for leave to file a sur-reply, Doc. No. 68, is **GRANTED** to the extent that plaintiff will have the opportunity to respond to these issues in the event Nationwide files a renewed motion to compel consistent with this *Order*.

    Nationwide has filed a motion to amend the scheduling order.  Doc. No. 71.  If plaintiff intends to respond to this motion, it must do so no later than May 18, 2012.

    Finally, the Court notes that the parties have scheduled a mediation to be held on May 18, 2012.  The parties are **ORDERED** to report on the status of settlement discussions, without divulging the substances of those discussions, no later than May 22, 2012.


May 10, 2012                                    *s/Norah McCann King*
  (Date)                                       Norah M$^c$Cann King
                                              United States Magistrate Judge